IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| CLIFFORD CLARK, § | |
| TDCJ No. 2239054, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 7:22-cv-00059-M-BP |
| § | |
| § | |
| MICHAEL WADDELL, *et al.*, § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are the Motion to Dismiss filed by Defendants Michael Feazell ("Feazell") and Andrea Lozada ("Lozada") on January 27, 2023 (ECF No. 21), and the Motion to Dismiss Defendants' Motion to Dismiss filed by Plaintiff Clifford Clark ("Clark") on February 9, 2023 (ECF No. 26), which the Court construes as a response to Defendants' Motion. After considering the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Barbara M. G. Lynn **GRANT** the Motion and **DISMISS** Plaintiff's claims against Defendants Feazell and Lozada in their official capacity and for return of property **without prejudice** and **DISMISS with prejudice** Plaintiff's claims against them under 42 U.S.C. § 1983 for compensatory damages, for deprivation of his constitutional rights, and for conspiracy to violate those rights.

**I.    BACKGROUND**

*Pro se* Plaintiff Clark is an inmate in the custody of the Texas Department of Criminal Justice ("TDCJ") and brings this action pursuant to § 1983. ECF No. 1. Clark alleges that while he was incarcerated at the Allred Unit in Iowa Park, Texas, he was "racially profiled and

discriminated against due to … growing [his] hair because of [his] religious beliefs." ECF No. 1 at 4. Clark alleges that Lozada and Feazell "knew about the issues [he] was having" but did nothing to stop the discrimination. ECF No. 8 at 5-6. Instead, Clark alleges that the Defendants "racially targeted [him],' "protected each other" and "destroy[ed] [his] property." ECF No. 1 at 3. Clark seeks injunctive relief, compensatory damages of $300,000, and punitive damages of $777,000 against the TDCJ officers. ECF No. 14 at 9.

## II.     LEGAL AUTHORITIES

### A.     *Pro Se* Standard

Courts are to liberally construe the pleadings of a *pro se* party, taking all well-pleaded allegations as true. *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The Court must "look beyond" a prisoner's "formal complaint and [] consider as amendments to the complaint those materials subsequently filed." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Those materials include any responses to a court-issued questionnaire, which "is a useful means by which the court can develop the factual basis for the prisoner's complaint." *Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976); *see also Eason v. Holt*, 73 F.3d 600, 602 & n.14 (5th Cir. 1996) (explaining that questionnaire responses supplement the inmate's complaint).

But "even a liberally-construed *pro se* . . . complaint must set forth facts giving rise to a claim on which relief may be granted." *Levitt v. Univ. of Texas at El Paso*, 847 F.2d 221, 224 (5th Cir. 1988) (citing *Bounds v. Smith*, 430 U.S. 817, 825 (1977)). Thus, a court inquires "whether within the universe of theoretically provable facts there exists a set which can support a cause of action under [the] complaint." *Covington v. Cole*, 528 F.2d 1365, 1370 (5th Cir. 1976).

### B. Rule 12(b)(1) Standard

Federal Rule of Civil Procedure 12(b)(1) authorizes motions to dismiss for lack of subject matter jurisdiction. *See also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action."). Rule 12(b)(1) motions present either "facial" or "factual" attacks. *Brown v. Peterson*, No. 7:03-cv-0205, 2006 WL 349805, at *4 (N.D. Tex. Feb. 3, 2006). Where, as here, the motion is "based on the complaint alone," the attack is facial, and the Court must "merely decide whether the allegations in the complaint, taken as true, sufficiently state a basis for subject matter jurisdiction." *Lowe v. ViewPoint Bank*, 972 F. Supp. 2d 947, 953 (N.D. Tex. 2013); *see also Parks v. Hinojosa*, No. 4:21-cv-00111-O, 2021 WL 1720219, at *2 (N.D. Tex. Apr. 30, 2021) (explaining that Rule 12(b)(1) motions are presumptively facial attacks).

"Federal courts are courts of limited jurisdiction" that "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citation omitted). Accordingly, "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Loc. 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). Any dismissal for lack of subject matter jurisdiction "should be made without prejudice." *Mitchell v. Bailey*, 982 F.3d 937, 944 (5th Cir. 2020).

### C. Rule 12(b)(6) Standard

Federal Rule of Civil Procedure 12(b)(6) permits a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Rules require that a pleading stating a claim for relief contain "a short and plain statement of

the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a). A complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering a Rule 12(b)(6) motion, courts must "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff . . . and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (citing *Twombly*, 550 U.S. at 547). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 557).

### D. Qualified Immunity

"Qualified immunity shields government officials performing discretionary functions from liability unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known." *Gibson v. Rich*, 44 F.3d 274, 277 (5th Cir. 1995) (citing *Babb v. Dorman*, 33 F.3d 472, 477 (5th Cir. 1994)). "[T]he immunity issue must be resolved at the earliest possible stage of the litigation since it entails an entitlement to immunity from suit and not merely a defense to liability." *Id.* (citing *Hunter v. Bryant*, 502 U.S. 224, 226 (1991)). Qualified immunity can be decided at the motion to dismiss stage as it is the earliest possible stage in litigation. *Carswell v. Camp*, 37 F.4th 1062, 1068 (5th Cir. 2022).

To overcome the defense of qualified immunity, a plaintiff must show "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) (citations omitted). A good-faith assertion of qualified immunity alters the usual burden of proof, shifting it to the

plaintiff to show that the defense is not available. *Ratliff v. Aransas Cnty.*, 948 F.3d 281, 287 (5th Cir. 2020), *cert. denied*, 141 S. Ct. 376 (2020).

### E. Dismissal With or Without Prejudice

There exists a "well-established policy that the plaintiff be given every opportunity to state a claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). As a result, courts generally allow plaintiffs at least one opportunity to amend. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (2002). Nonetheless, a court may appropriately dismiss an action with prejudice if it finds that the plaintiff has alleged his best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999). Likewise, a court may dismiss a complaint with prejudice, thus foreclosing the plaintiff's opportunity to amend, whenever amendment of the pleadings would be futile. *Stem v. Gomez*, 813 F.3d 205, 215-16 (5th Cir. 2016).

## III. ANALYSIS

### A. The Eleventh Amendment bars Clark's claims for damages against Feazell and Lozada in their official capacity.

Clark seeks $1,077,000 in damages and injunctive relief from this action. ECF Nos. 1 at 4, 14 at 9. However, Clark has only named individual officers as parties to this suit. ECF Nos 1, 14 at 9. To the extent that Clark sues Feazell and Lozada in their official capacity for damages, he cannot proceed because the Eleventh Amendment to the Constitution prevents such a claim.

The Eleventh Amendment "bars suits against a state unless the state has waived its immunity or Congress has abrogated immunity." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984). Eleventh Amendment immunity extends to state agencies and to state officials if the relief sought would operate against the state. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989). However, the Supreme Court has carved out an exception to state sovereign immunity in *Ex parte Young*, permitting suits for injunctive relief against state actors

whose conduct violates federal law. 209 U.S. 123, 159-60 (1908); *Haverkamp v. Linthicum*, 6 F.4th 662, 669 (5th Cir. 2021). "The rule is based on the legal fiction that a sovereign state cannot act unconstitutionally," and therefore, when "a state actor enforces an unconstitutional law, he is stripped of his official clothing and becomes a private person subject to suit." *K.P. v. LeBlanc*, 627 F.3d 115, 124 (5th Cir. 2010).

The TDCJ is a Texas state agency, and Feazell and Lozada were TDCJ employees at the Allred Unit during all relevant times. *Harris v. Angelina County, Tex.*, 31 F.3d 331, 338 n. 7 (5th Cir. 1994) ("Under the current state of the law, the TDCJ is deemed an instrumentality of the state operating as its alter ego in carrying out a public function of the state, and is immune from suit under the Eleventh Amendment."); *see generally* ECF Nos. 1, 8, 14, 15. The State of Texas has not waived Eleventh Amendment immunity with regard to 42 U.S.C. § 1983. *Cox v. Texas*, 354 F. App'x 901, 903 (5th Cir. 2009). Moreover, it is also settled that the Eleventh Amendment bars a recovery of money damages under § 1983 from state employees in their official capacity. *See Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2001). Thus, Clark cannot sue Feazell and Lozada in their official capacity for money damages.

Whether he can proceed against them for injunctive relief depends on whether the *Ex parte Young* exception applies to the facts of this case. Under *Ex parte Young,* a court need not "require an analysis of the merits of the claim. Rather, a court need only conduct a 'straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *City of Austin v. Paxton*, 943 F.3d 993, 998 (5th Cir. 2019) (quoting *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002) (alteration in original)). Liberally construing Clark's *pro se* complaint and his answers to the Court's questionnaire, it appears that he alleges ongoing violations of the First and Eighth Amendment and seeks injunctive

relief in addition to monetary relief. ECF Nos. 1 at 4, 14 at 9; *Delaughter v. Woodall*, 909 F.3d 130, 137 (5th Cir. 2018); *Mayfield v. Tex. Dep't of Criminal Justice*, 529 F.3d 599, 604 (5th Cir. 2008).

However, Clark has no viable claim for prospective injunctive relief against Feazell and Lozada since they are employees at the Allred Unit, and the Court notes that Clark is now incarcerated at the William P. Clements Unit in Amarillo. ECF No. 14 at 1. Therefore, his claims against Feazell and Lozada for injunctive relief are moot, and he cannot proceed against them under *Ex parte Young*. *See Cooper v. Sheriff, Lubbock County, Tex.*, 929 F.2d 1078, 1084 (5th Cir.1991) (holding that an inmate's transfer from county jail to state prison rendered moot his claims for injunctive relief); *Thompson v. Eason*, 258 F. Supp. 2d 508, 522 (N.D. Tex. 2003) (holding that transfer to another prison facility moots inmate's request for injunctive relief); *see also Hoyt v. Big Spring State Hosp.*, No. 6:15-cv-0003-BL, 2016 WL 7189844, at *10 (N.D. Tex. Dec. 8, 2016) (holding that because plaintiff's request for injunctive relief was moot, he had no viable claim for prospective injunctive relief under *Ex parte Young*). Because the Eleventh Amendment bars Clark's claims against Feazell and Lozada in their official capacity, and *Ex parte Young* does not apply to Clark's claims against them for injunctive relief, Judge Lynn should dismiss those claims without prejudice for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). The Court construes the remaining claims against Feazell and Lozada as claims against them in their individual capacity for which there is no Eleventh Amendment immunity. *Chrissy F. by Medley v. Mississippi Dep't of Pub. Welfare*, 925 F.2d 844, 850 (5th Cir. 1991).

### B. Clark cannot recover compensatory damages from Feazell and Lozada because he does not allege that they physically injured him.

Under the Prison Litigation Reform Act ("PLRA"), no prisoner can may bring a civil action in federal court "for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act . . . ." 42 U.S.C. § 1997e (West 2023). As a result, a prisoner such as Clark cannot recover compensatory damages "for violations of federal law where no physical injury is alleged." *Mayfield v. Tex. Dep't of Crim. Just.*, 529 F.3d 599, 605 (5th Cir. 2008). There is no physical injury when prison employees allegedly failed to protect a prisoner from other inmates. *Jones*, 188 F.3d at 326. However, a prisoner can recover nominal and punitive damages if he asserts a violation of a constitutional right, even without alleging that he sustained a physical injury. *Mayfield*, 529 F.3d at 605-06. Clark alleges numerous violations of his property and other rights, but he asserts no physical injury caused by Feazell and Lozada. As a result, the PLRA bars Clark's claim for compensatory damages from them, and Judge Lynn should dismiss such claims with prejudice.

### C. Clark has not sufficiently pleaded a failure to protect claim.

Liberally construed, Clark's complaint alleges that Feazell and Lozada failed to protect him from harm by putting him "in cells with people who have severe mental issues . . . who I don't get alon[g] with and I don't feel safe with." ECF No. 1 at 4. Prison officials have a duty under the Eighth Amendment to protect prisoners from violence at the hands of other prisoners. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). "It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." *Id.* at 834; *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995). Rather, a prisoner-plaintiff must demonstrate both that "he is incarcerated under conditions posing a

8

substantial risk of serious harm" and that the defendant prison official's state of mind is one of "deliberate indifference" to the prisoner's safety. *Farmer*, 511 U.S. at 834, *Horton*, 70 F.3d at 401.

Knowledge about a particular inmate's violent tendencies, without more specific information about the risk, does not rise to the requisite level of awareness necessary for a finding of deliberate indifference. *Van Williams v. Samaniego*, No. EP-05-CA-491, 2007 WL 9701460 (W.D. Tex. Feb. 22, 2007); *Lopez v. Davis*, No. 6:19CV593, 2020 WL 6935560, at *4 (E.D. Tex. Oct. 7, 2020), *rec. adopted*, 2020 WL 6888993 (E.D. Tex. Nov. 24, 2020). Clark has not pleaded in his complaint or provided in his questionnaire answers any facts to show that he sustained any physical injury or that Feazell or Lozada was aware of any violence directed at him by a fellow inmate. ECF Nos. 1 at 4, 8 at 5-6. Thus, the Court looks to the grievances Clark attached to his answers to the Court's questionnaire to determine if they state any facts that would have put Feazell or Lozada on notice of the physical altercations that Clark alleges.

After reviewing the approximately eighty pages of grievance reports that Clark submitted (ECF Nos. 14, 15), the Court found only one mention of Lozada. Clark wrote that "[i]n the past, I have problems with the following people about me growing my hair due to religious beliefs and in different ways have prosecuted me . . . A. Lozada." ECF No. 15 at 47. The grievance reports mention Feazell several times. In the first report, Clark complained about his recreation restriction and blamed the restriction on Feazell, along with other officials, who racially discriminated against him and attacked him by taking his I.D. ECF No. 14 at 25. In another report, Clark stated that he talked to Feazell about receiving his "Line 1." ECF No. 15 at 31-32. Finally, in a Step One grievance report, Clark stated that Feazell racially profiled him and "targeted [him], harassed [him] about [his] hair, got mad at [him] because [he] didn't address him by Sir, threatened [him], saying he was going to take away my G4." *Id.* at 47. However, none of the grievances that mentioned

9

Feazell or Lozada mention any physical injury that Clark sustained. To the extent that Clark pleads that Feazell and Lozada failed to protect him from other inmates, his statements are vague and conclusory, and do not show that Feazell or Lozada was deliberately indifferent toward him. Nor do Clark's allegations explain how he was injured as a result of any alleged deliberate indifference.

Feazell and Lozada have pleaded qualified immunity as a defense to Clark's complaint and seek dismissal on this basis. ECF No. 26 at 1-2. Because Clark has not adequately pleaded a violation of his constitutional rights or that the law establishing such rights was clearly established, Clark has not met his burden of addressing Feazell and Lozada's qualified immunity defense, and dismissal is proper.

Although he has not amended his complaint or sought leave to do so, Clark has had an opportunity to supplement his complaint in answers to the Court's questionnaire. Clark did so by filing over 100 pages of answers and supplemental materials. *See* ECF Nos. 13, 14, 15. If the prisoner has filed his complaint and submitted questionnaire responses, then the Court may conclude that he has pleaded his best case such that granting him further leave to amend would be futile or cause unnecessary delay. *See, e.g.*, *Witherspoon v. Waybourn*, No. 4:20-cv-1150-P, 2021 WL 2635917, at *10 (N.D. Tex. June 25, 2021); *McLean v. King*, No. 3:20-cv-1244-C-BK, 2020 WL 6049297, at *2 (N.D. Tex. Sept. 15, 2020), *rec. adopted*, 2020 WL 6048202 (N.D. Tex. Oct. 13, 2020).

Under these circumstances, the undersigned concludes that Clark has pleaded his best case of a constitutional violation against Feazell and Lozada in their individual capacities, and any further amendment would be futile and would only cause unnecessary further delay. Judge Lynn therefore should dismiss with prejudice Clark's claims against Feazell and Lozada in their individual capacity for violation of his constitutional rights under 42 U.S.C. § 1983.

**D.   Clark has not sufficiently pleaded a conspiracy among Feazell, Lozada, and other persons**.

In his complaint, Clark argues that Feazell and Lozada "protected each other," and repeatedly mentions how they failed to hold other officers accountable, even alleging that Feazell "was behind and orchestrated some of the issues [he] was facing." ECF Nos. 1 at 3, 8 at 5-6. To the extent that Clark alleges that Feazell and Lozada conspired in some way against him, he does not adequately allege facts to plead an actionable conspiracy.

To sufficiently plead a civil conspiracy under § 1983, Clark must show that there was "an actual violation of a right protected under § 1983" and that "[the] action [was] taken in concert by the defendants with the specific intent to violate the aforementioned right." *Brown v. Tull*, 218 F.3d 743 (5th Cir. 2000). "[A] conspiracy claim is not actionable without an actual violation of section 1983." *Hale v. Townley*, 45 F.3d 914, 920 (5th Cir. 1995). Clark has not pleaded that there was an actual violation of a right protected under § 1983 as he has not stated enough facts to demonstrate that Feazell or Lozada failed to protect him in violation of the Eighth Amendment or otherwise violated his constitutional rights. Moreover, even if he had sufficiently pleaded that element, he has not pleaded facts to show how Feazell and Lozada acted in concert to violate any of his constitutional rights. Merely making a conclusory statement that Feazell and Lozada "protected each other," or that Feazell was responsible for some of the unconstitutional acts is not, without more, enough to state a claim upon which relief can be granted. Thus, Clark has not pleaded a civil conspiracy claim under § 1983 against Feazell and Lozada, and Judge Lynn should dismiss this claim with prejudice as any further amendment would be futile for the reasons previously stated.

### E. Clark's claim for deprivation of property should be dismissed.

"[T]he deprivation of a constitutionally protected property interest caused by a state actor's random, unauthorized conduct does not give rise to a § 1983 procedural due process claim unless the state fails to provide an adequate postdeprivation remedy." *Meeks v. Nash*, No. 20-40252, 2021 WL 4515396, at *1 (5th Cir. 2021) (citing *Zinermon v. Burch*, 494 U.S. 113, 115 (1990)). "Postdeprivation remedies, such as state tort suits, 'do not satisfy due process where a deprivation of property is caused by conduct pursuant to established state procedure, rather than random and unauthorized action.'" *Id*. (quoting *Hudson v. Palmer*, 468 U.S. 517, 532 (1984)).

Clark alleges that Feazell "took [his] I.D. which is state property." ECF No. 15 at 47. He also alleges that before taking his I.D., Feazell pulled him out of line to harass him and threaten him out of retaliation for not cutting his hair. *Id*. After threatening him, Feazell then, allegedly, took his I.D. *Id*. Clark has not pleaded that Feazell took his I.D. pursuant to any established state procedure. *See generally* ECF Nos. 1, 8, 14, 15. Clark states that Feazell took his I.D. as a result of "racial profil[ing] and target[ing]," and asks the TDCJ to get his I.D. back from Feazell. *Id*. at 47-48. These facts describe a random and unauthorized deprivation of property, not a deprivation under an established state procedure. Thus, Clark's claim for the deprivation of his property "does not give rise to a § 1983 procedural due process claim unless the state fails to provide an adequate postdeprivation remedy." *Meeks*, 2021 WL 4515396 at *1.

Clark claims that the post-deprivation remedies were inadequate because the state did "absolutely nothing to remedy my lost, destroyed property." ECF No. 26 at 4. However, the Texas administrative and judicial systems do provide an adequate state postdeprivation remedy. Tex. Gov. Code § 501.007 (West 2023); *see also Murphy v. Collins*, 26 F.3d 541, 543-44 (5th Cir. 1994). Clark's remedy is to file a tort suit in state court, and lack of understanding of this right

does not indicate that the remedy is inadequate. *Washington v. Garcia*, No. 2:19-CV-131-Z-BR, 2022 WL 3702011, at *2 (N.D. Tex. 2022). Consequently, the appropriate forum for Clark's claims for return of his property is in a Texas state court, not here. Judge Lynn should dismiss this claim without prejudice so that Clark can pursue such a remedy if he chooses to do so. *Simmons v. Poppell*, 837 F.2d 1243, 1244 (5th Cir. 1987).

## IV. CONCLUSION

The Eleventh Amendment bars Clark's claims against Feazell and Lozada in their individual capacity for monetary damages, and Clark has no claim against them for prospective injunctive relief since he no longer is incarcerated in the Allred Unit. Clark has not stated a claim against Feazell or Lozado upon which relief could be granted for compensatory damages, for failure to protect him in violation of the Eighth Amendment, for conspiracy, and for deprivation of property.

Therefore, after considering the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Barbara M. G. Lynn **GRANT** the Motion to Dismiss and **DISMISS** Plaintiff's claim against Defendants Feazell and Lozada in their official capacity and for return of property **without prejudice** and **DISMISS with prejudice** Plaintiff's claims against them under § 1983 for compensatory damages, for deprivation of his constitutional rights, and for conspiracy to violate those rights.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for

the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

      **SIGNED** on March 30, 2023.

                                                                                  Hal R. Ray, Jr.
                                                                             UNITED STATES MAGISTRATE JUDGE