IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| CLIFFORD CLARK, § | |
| TDCJ No. 02239054, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 7:22-cv-00059-M-BP |
| § | |
| MICHAEL WADDELL and § | |
| BRICE BYRD, § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are the Motion for Summary Judgment (the "Motion") and brief in support filed by Defendants Michael Waddell and Brice Byrd ("Defendants") on July 1, 2024. ECF Nos. 81-82. Plaintiff did not file a response. Having considered the pleadings, summary judgment evidence, and legal authorities, the undersigned **RECOMMENDS** that Senior United States District Judge Barbara M. G. Lynn **GRANT** Defendants' Motion (ECF No. 81) and **DISMISS** Plaintiff's claims.

**I.    BACKGROUND**

This is an equal protection case brought by Clifford Clark ("Clark"), an inmate in the custody of the Texas Department of Criminal Justice ("TDCJ") at the Smith Unit in Lamesa, Texas. ECF Nos. 1, 65. On July 1, 2022, he brought this action pursuant to 42 U.S.C. § 1983, alleging a slew of claims against numerous defendants. ECF No. 1. The Court has dismissed all of Clark's claims except for his Fourteenth Amendment equal protection claim against Defendants in their individual capacity for punitive damages. ECF Nos. 37, 60.

Clark alleges that while he was incarcerated at the Allred Unit in Iowa Park, Texas, he was "racially profiled and discriminated against due to . . . growing [his] hair because of [his] religious beliefs." ECF No. 1 at 4. TDCJ requires its male inmates to keep their hair "neatly cut" and it prohibits "extreme hairstyles" (the "Policy"). ECF No. 82-1. Clark admits that he refused to obey the Policy. *See* ECF Nos. 1; 14 at 2, 7; 53 at 2. But he alleges that Defendants specifically targeted "black people . . . who had long hair" in enforcing it. ECF Nos. 8 at 2, 3; 14 at 7 (alleging that Defendants targeted "mainly blacks, [Latinos], and gays [sic] with long hair"), 34 (alleging that the wardens targeted "blacks with fro's [sic]."). Additionally, he claims that TDCJ personnel did not enforce the Policy against other racial groups. ECF No. 15 at 45 (alleging that many people were allowed to grow "mohawks and [other] extreme haircuts, whites and Mexicans with long hair [were] not getting disciplined," and "transexuals [sic] with long hair . . . [were] not harassed or targeted").

He also alleges that Waddell wrote up disciplinary violations of black people with long hair, and Byrd would then "upgrade it to a major case." ECF Nos. 8 at 2; 13 at 5-6, 4 ("Byrd uses Waddell . . . to do his dirty work."). Clark claims that one such incident occurred on or around July 27, 2021 (ECF No. 13 at 5), and another occurred on August 3, 2021 (*Id*. at 6). According to Clark, TDCJ always graded disciplinary cases involving hair as minor violations. ECF No. 13 at 5 ("Everyone knows hair cases are minor."), 8 (alleging that hair cases are supposed to be minor).

Defendants now move for summary judgment on the grounds that (1) they are entitled to qualified immunity; (2) *Heck v. Humphrey*, 512 U.S. 477 (1994), bars Clark's claim for reinstatement of lost good time credit; and (3) Clark did not establish a Fourteenth Amendment Equal Protection claim. ECF No. 82. To date, Clark has filed no response. Under the Local Civil Rules, a "response and brief to an opposed motion must be filed within 21 days from the date the

motion is filed." L. Civ. R. 7.1(e). Additionally, the Court ordered Clark to file any response to the Motion on or before July 23, 2024. ECF No. 83. The Court warned Clark that failure to file a response by July 23 "may result in a ruling on the Motion without a response from" him. *Id.* The Court therefore finds that the Motion is ripe for review.

## II.     LEGAL STANDARDS

### A.     Summary Judgment

Pursuant to Federal Rule of Civil Procedure 56, summary judgment is proper when the pleadings and evidence illustrate that no genuine issue exists as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Slaughter v. S. Talc Co.*, 949 F.2d 167, 170 (5th Cir. 1991). Disputes concerning material facts are "genuine" if, based on the evidence, "a reasonable jury could return a verdict for the nonmoving party." *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is "material" if it might affect the outcome of the suit under the governing law. *Anderson*, 477 U.S. at 248; *Burgos v. Sw. Bell Tele. Co.*, 20 F.3d 633, 635 (5th Cir. 1994). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-25 (1986)).

Generally, when a movant carries his initial burden, the burden then shifts to the nonmovant to show that the entry of summary judgment is inappropriate. *Celotex*, 477 U.S. at 322-24; *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir. 1992). Although the nonmovant may satisfy this burden by tendering depositions, affidavits, and other competent evidence, "conclusory allegations, speculation, and unsubstantiated assertions are inadequate to

3

satisfy the nonmovant's burden[.]" *Douglass*, 79 F.3d at 1429. Further, merely colorable evidence, evidence not significantly probative, or only a scintilla of evidence will not defeat a motion for summary judgment. *Anderson*, 477 U.S. at 249-250, 252; *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994).

Courts view summary judgment evidence in the "light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co., Ltd. V. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993). And factual controversies are resolved in favor of the nonmovant, but only when "both parties have submitted evidence of contradictory facts," thus creating an actual controversy. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). In the absence of any proof, however, the Court does not assume that the nonmovant could or would prove the necessary facts. *Id.* Failure to respond to a summary judgment motion "effectively waives" the nonmovant's "opportunity to offer evidence or legal argument in opposition to summary judgment." *Ervin v. Sprint Commc'ns Co. LP*, 364 F. App'x 114, 116 (5th Cir. 2010).

In making its determination on the motion, the Court "need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c). But "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. "[S]ummary judgment is appropriate when 'the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.'" *Edwards v. Oliver*, 31 F.4th 925, 929 (5th Cir. 2022) (quoting *Celotex*, 477 U.S. at 323).

Courts employ summary judgment cautiously in the context of pro se inmate litigation. *See Murrell v. Bennett*, 615 F.2d 306, 309 (5th Cir. 1980). They must "guard against premature

truncation of legitimate lawsuits merely because of unskilled presentations." *Id.* at 311 (footnote omitted); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (pro se documents should be liberally construed). "Indigent prisoners are hampered in their access to the proof necessary to ward off summary judgment." *Murrell*, 615 F.2d at 310. Accordingly, "on summary judgment, factual allegations set forth in a verified complaint may be treated the same as when they are contained in an affidavit." *Hart v. Hairston*, 343 F.3d 762, 765 (5th Cir. 2003). Further, the inmate's "other verified pleadings serve as competent summary judgment evidence." *Falcon v. Holly*, 480 F. App'x 325, 326 (5th Cir. 2012) (citing *Hart*, 343 F.3d at 765). Under these authorities, the Court views Clark's verified complaint, questionnaire answers, pleadings, and other filings (see ECF Nos. 1, 8, 13-15) as competent summary judgment evidence.

B.     42 U.S.C. § 1983

The proper vehicle for a Fourteenth Amendment claim is 42 U.S.C. § 1983 ("Section 1983"). *Burns–Toole v. Byrne*, 11 F.3d 1270, 1273 n.3 (5th Cir. 1994). Section 1983 creates a remedy against any "person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution." 42 U.S.C. § 1983. To properly bring a Section 1983 action, a plaintiff "must specify the personal involvement of each defendant." *Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992). This is because Section 1983 "does not create supervisory or *respondeat superior* liability." *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002). Consequently, the plaintiff must demonstrate an affirmative link between the constitutional violation and an act of each defendant he sues. *Murphy*, 950 F.2d at 292 n.7.

To prove a Section 1983 claim, a plaintiff "must first show a violation of the Constitution," and "then show that the violation was committed by someone acting under color of state law." *Brown v. Miller*, 519 F.3d 231, 236 (5th Cir. 2008) (footnote and internal quotation marks omitted). Defendants do not contest the "under color" requirement. *See* ECF No. 82.

### C. Qualified Immunity

Qualified immunity "protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). It is an "immunity from suit rather than a mere defense to liability[.]" *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

The Court considers: "(1) whether the facts that a plaintiff has shown establish a violation of a constitutional right; and (2) whether the right was clearly established at the time of the defendant's alleged misconduct." *Wilkerson v. Goodwin*, 774 F.3d 845, 851 (5th Cir. 2014) (citing *Pearson*, 555 U.S. at 232). The second prong involves "two separate inquiries: whether the allegedly violated constitutional rights *were clearly established at the time of the incident*; and, if so, whether the conduct of the defendants was objectively unreasonable in the light of that then clearly established law." *Hare v. City of Corinth, Miss.*, 135 F.3d 320, 326 (1998) (emphasis in original). To be clearly established, the "contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).

"A qualified immunity defense alters the usual summary judgment burden of proof," shifting it "to the plaintiff, who must rebut the defense by establishing a genuine fact issue as to whether the official's allegedly wrongful conduct violated clearly established law." *Brown v.*

6

*Callahan*, 623 F.3d 249, 253 (5th Cir. 2010). "On summary judgment, the judge appropriately may determine, not only the currently applicable law, but whether that law was clearly established at the time an action occurred." *Harlow*, 457 U.S. at 818. The Court considers the defense for each defendant individually. *Meadours v. Ermel*, 483 F.3d 417, 422 (5th Cir. 2007).

### III.   ANALYSIS

#### A.   Clark did not overcome Defendants' qualified immunity.

Clark bears the burden of rebutting Defendants' qualified immunity defense. *Brown*, 623 F.3d at 253. Although the Court found that at the pleading stage, Clark pleaded facts sufficient to "draw a reasonable inference" that Defendants violated a constitutional right that was clearly established at the time of the challenged conduct, *Edmiston v. Borrego*, 75 F.4th 551, 558 (5th Cir. 2023), *cert. denied sub nom. Crandel v. Hall*, 144 S. Ct. 1002 (2024), Clark, by not responding to Defendants' Motion, fails to carry his summary judgment burden. *See Juarez v. Pizana*, No. 3:17-cv-00368-KC, 2018 WL 7198152, at *8 (W.D. Tex. Dec. 12, 2018) (finding that because the plaintiff failed to respond to the defendant's motion for summary judgment, she did not overcome the defendant's qualified immunity defense) (collecting cases); *Fields v. Fisher*, No. 1:15-CV-241-JCG, 2017 WL 1015011, at *4 (S.D. Miss. Mar. 15, 2017) (The plaintiff "did not respond to [the defendants'] Motion for Summary Judgment and [did] not overcome [the] defense of qualified immunity."). Accordingly, Judge Lynn should **GRANT** the Motion and **DISMISS** Clark's claims on this ground alone.

#### B.   *Heck v. Humphrey* bars Clark's claim for good time.

Defendants assert that Clark's claims for reinstatement of lost good time credit survived dismissal. ECF No. 82 at 2. Defendants cite to Clark's answer to the Court's Second Questionnaire, in which he clarified that he was seeking $300,000.00 in compensatory damages, which

7

"cover[ed]" (among other things) the "[t]aking of his good time and chances for parole." ECF No. 14 at 9. On December 12, 2023, Judge Lynn accepted the undersigned's findings, conclusions, and recommendation, which recommended that she dismiss Clark's claim for compensatory damages. ECF Nos. 59-60. To the extent that Clark seeks reinstatement of that lost good time credit, Defendants argue that an action under Section 1983 is not a proper vehicle for Clark's equal protection challenge because the decision in *Heck* bars it. ECF No. 82 at 3-4. Defendants submit that because Clark lost good time credits at his disciplinary hearing, his sole avenue to challenge the hearing was through a habeas corpus proceeding. *Id.*; *see also* ECF No. 82-2 at 45.

The *Heck* doctrine precludes inmates from recovering damages under Section 1983 for an allegedly unconstitutional "conviction or sentence" without first showing that the conviction or sentence has been invalidated. *See* 512 U.S. at 486-87. The rationale for the doctrine is that such a constitutional challenge to one's conviction or sentence sounds in habeas corpus, not in tort, of which Section 1983 is a species. *See id.* at 483-86. Therefore, *Heck* bars an inmate's Section 1983 suit to the extent that a favorable judgment "would necessarily imply the invalidity of his conviction or sentence." *Id.* at 487. *Heck* extends to prison disciplinary convictions, including "a ruling in a prison disciplinary proceeding that results in a change to the prisoner's sentence, [such as] the loss of good-time credits." *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998) (citing *Edwards v. Balisok*, 520 U.S. 641, 644 (1997)); *see also Bourne v. Gunnels*, 921 F.3d 484, 490 (5th Cir. 2019) (footnote omitted). *Heck* bars Clark's suit to the extent that Clark seeks reinstatement of lost good time credits or to recover damages for loss of those credits, and he has not offered evidence to show that his disciplinary case was invalidated. Accordingly, summary judgment is appropriate on this claim.

8

### C. Defendants are entitled to summary judgment on Clark's Section 1983 claim.

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall deny to any person within its jurisdiction the equal protection of the laws, which is essentially a direction that all persons similarly situated should be treated alike." *Duarte v. City of Lewisville, Tex.*, 858 F.3d 348, 353 (5th Cir. 2017) (internal quotation marks omitted) (quoting *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985)). To prevail on a Fourteenth Amendment equal protection claim under Section 1983, the plaintiff must show that "(1) he or she received treatment different from that received by similarly situated individuals and that (2) the unequal treatment stemmed from a discriminatory intent." *Fennell v. Marion Indep. Sch. Dist.*, 804 F.3d 398, 412 (5th Cir. 2015) (cleaned up) (quoting *Priester v. Lowndes Cty.*, 354 F.3d 414, 424 (5th Cir. 2004)). "To establish discriminatory intent, a plaintiff must show 'that the decision maker singled out a particular group for disparate treatment and selected his course of action at least in part of the purpose of causing the adverse effect on an identifiable group.'" *Id.* (quoting the same). Merely conclusory allegations of discriminatory intent, "without reference to specific facts, will not suffice.'" *Id.* (quoting the same). A plaintiff may not rest on "his personal belief that discrimination played a part" in the defendant's actions to show discriminatory intent. *Woods v. Edwards*, 51 F.3d 577, 580 (5th Cir. 1995).

Clark accuses TDCJ personnel generally of not enforcing the Policy against other racial groups. ECF No. 15 at 45. But he does not specify that Defendants selectively enforced the Policy. Thus, Clark has not shown that Defendants subjected him to unequal treatment. Moreover, while Clark's allegations of discriminatory intent were, liberally construed, sufficient to state a claim under Section 1983, his allegations of Defendants' motive are too conclusory to survive summary judgment. Therefore, Defendants have carried their burden of showing no genuine issue of material

9

fact. Clark did not respond to the Motion, and thus has not carried his burden of showing that a fact issue exists for trial on this claim. Accordingly, Judge Lynn should grant summary judgment in favor of Defendants.

## IV.    CONCLUSION

The undersigned therefore **RECCOMENDS** that Judge Lynn **GRANT** Defendants' Motion (ECF No. 81) and **DISMISS** Clark's claims.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

**SIGNED** on July 31, 2024.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE